ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
R. J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
Attorney for Defendant, Trooper Joseph Mahoney

By:   Christina M. Glogoff
      Deputy Attorney General
      (609) 633-3985

                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                        VICINAGE OF CAMDEN

--------------------------------
                                    :
ROBERT R. REEVES,                        CIVIL ACTION NO.
                                    :
              Plaintiff,
                                    :
      v.
                                    :    NOTICE OF REMOVAL
NEW JERSEY STATE POLICE,
TROOPER JOSEPH MAHONEY,              :
and/or JOHN DOES 1-10,
                                    :
              Defendants.
                                    :
--------------------------------

          Defendant, Trooper Joseph Mahoney (hereinafter referred
to as the "defendant"), by way and through the undersigned counsel,
Anne Milgram, Attorney General of New Jersey, Deputy Attorney
General Christina M. Glogoff appearing, files this Notice of
Removal and in support thereof, state:

          1.  Defendant, Trooper Joseph Mahoney, is the defendant
in an action now pending in the New Jersey Superior Court, Law
Division, Burlington County, bearing Docket No. BUR-L-0326-09,

                                1

captioned, Robert R. Reeves v. New Jersey State Police, et al.  The
defendant, New Jersey State Police, is no longer a party to this
action as summary judgment was granted in its favor on May 15,
2009.  (Exhibit A - Order granting summary judgment).

2.   The above-entitled action was commenced by the filing
of a Complaint on or about January 29, 2009.  The Complaint alleges
a violation of the plaintiff's rights under the provisions found in
42 U.S.C. § 1983.  Plaintiff's claims derive from a motor vehicle
stop that took place on July 2, 2007 in Woodland Township, New
Jersey when plaintiff, Robert R. Reeves, was stopped by defendant,
Trooper Joseph Mahoney, for drunk driving.  A true and correct copy
of the Complaint is annexed hereto as Exhibit B.

3.   The United States District Court has original
jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.   This action is removable to the District Court
pursuant to 28 U.S.C. §§ 1441(b), (c) and 1443.

5.   This Notice of Removal is being filed within 30 days
of the date defendant, Trooper Joseph Mahoney, became a party to
this action and became aware the matter was removable and copies of
all pleadings and orders served upon defendant, Trooper Joseph
Mahoney, are attached hereto as Exhibit C.

WHEREFORE, defendant, Trooper Joseph Mahoney, respectfully
requests that the action now pending in the New Jersey Superior
Court, Law Division, Burlington County, bearing docket No. BUR-L-

326-09, captioned, <u>Robert R. Reeves v. New Jersey State Police, et</u>
<u>al.</u>, be removed to this court.

                          ANNE MILGRAM
                          ATTORNEY GENERAL OF NEW JERSEY


               By:    <u>s/ Christina M. Glogoff</u>
                      Christina M. Glogoff
                      Deputy Attorney General

DATED:     June 1, 2009

**EXHIBIT A**

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
New Jersey Division of Law
25 Market Street
P.O. Box 112
Trenton, NJ  08625-0112
Phone:  609-633-3985

FILED WITH THE CO'''

MAY 2 0 2009

Chambers of
Marc M. Baldwin, J.S.C.

By:  Christina M. Glogoff
     Deputy Attorney General
     Attorney for Defendant, New Jersey
     State Police

---

| | | |
|---|---|---|
| ROBERT R. REEVES, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | BURLINGTON COUNTY |
| | : | |
| v. | : | DOCKET NO. BUR-L-0326-09 |
| | : | |
| NEW JERSEY STATE POLICE; | : | |
| TROOPER JOSEPH MAHONEY; | : | |
| and/or JOHN DOES 1-10, | : | ORDER DISMISSING PLAINTIFF'S |
| | : | COMPLAINT WITH PREJUDICE |
| Defendants. | : | |

---

This matter having been opened to the Court by Anne Milgram, Attorney General of New Jersey, attorney for defendant, New Jersey State Police, by Christina M. Glogoff, Deputy Attorney General, and the Court having considered the papers submitted, and for good cause shown;

IT IS on this 20TH day of _____May_____, 2009;

1

ORDERED that plaintiffs' Complaint filed against Defendant, New Jersey State Police, is **DISMISSED WITH PREJUDICE.**

_____
Hon. Marc M. Baldwin, J.S.C.

In accordance with the required statement of R. 1:6-2(a), this motion was ____✓____ opposed _____ unopposed.

2

**EXHIBIT B**

DATE _____ 5/26/06

Ke~i~ C. Larkin, Sheriff

BY _____

**Special Deputy**

MARK J. MOLZ, ESQUIRE
1400 Route 38 East
Hainesport, New Jersey 08036
(609) 267-8884
Attorneys for Plaintiff

---

| ROBERT R. REEVES | : SUPERIOR COURT OF NEW JERSEY |
|---|---|
| | : LAW DIVISION |
| | : BURLINGTON COUNTY |
| Plaintiffs, | : DOCKET NO. BUR-L-226-09 |
| | : |
| vs. | : |
| NEW JERSEY STATE POLICE; | :            CIVIL ACTION |
| TROOPER JOSEPH MAHONEY; | : |
| and/or John Does 1-10 | : **SUMMONS** |
| | : |
| Defendants | : |

The State of New Jersey, to the Above Named Defendant(s):  *New Jersey State Police*

*The Plaintiff(s) named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to the Summons states the basis for the lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the County listed above within  35  days from the date you receive this, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided)  If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625.  A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.*

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit.  If Judgment is entered against you, the sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford to pay an attorney, you may call the Legal Services Office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:  *February 9, 2009*

*Christina P. Higgins /s/*
Clerk of the Superior Court

Name of defendant to be served:         *New Jersey State Police*
Address for service:                    *River Road*
                                        *West Trenton, New Jersey 08625*

ATLANTIC COUNTY:
Deputy Clerk Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL (609) 345-3444
LEGAL SERVICES (609) 348-4200

BERGEN COUNTY
Deputy Clerk, Superior Court
Case Processing Section, Rm 119
Justice Center, 10 Main St.
P.O. Hackensack, NJ 07601-0769
LAWYER REFERRAL (201) 488-0044
LEGAL SERVICES (201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl, Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL (609) 261-4862
LEGAL SERVICES (609) 261-1088

CAMDEN COUNTY:
Deputy Clerk, Superior Court
Civil Processing Office
1st Fl., hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL (856) 964-4520
LEGAL SERVICES (856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk, Superior Court
Central Processing Office.
9 N. Main St.
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL (609) 463-0313
LEGAL SERVICES (609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk, Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL (856) 692-6207
LEGAL SERVICES (856) 45 -0003

ESSEX COUNTY:
Deputy Clerk, Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL (973) 622-6207
LEGAL SERVICES (973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk, Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street., P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL (856) 848-4589
LEGAL SERVICES (856) 848-5360

HUDSON COUNTY:
Deputy Clerk, Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Fl.
583 Newark Ave.,
Jersey City, NJ 07306
LAWYER REFERRAL (201) 798-0722
LEGAL SERVICES (201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk, Superior Court
Civil Division
65 Park Ave.
Flemington, NJ 08862
LAWYER REFERRAL (908) 735-2611
LEGAL SERVICES (908) 782-7979

MERCER COUNTY:
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL (609) 585- 6200
LEGAL SERVICES (609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk, Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL (732) 828-0053
LEGAL SERVICES (732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk, Superior Court
71 Monument Park
P.O. Box 1269
Court House, East Wing
Freehold, NJ 07728-1269
LAWYER REFERRAL (732) 431-5544
LEGAL SERVICES (722) 866-0022

MORRIS COUNTY:
Deputy Clerk, Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 285- 6911

OCEAN COUNTY:
Deputy Clerk, Superior Court
Court House, Room 115
118 Washington St.
Toms River, NJ 08754
LAWYER REFERRAL (732) 240-3666
LEGAL SERVICES (732) 341-2727

PASSAIC COUNTY:
Deputy Clerk, Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL (973) 278-9223
LEGAL SERVICES (973) 345-7171

SALEM COUNTY:
Deputy Clerk, Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL (856) 935-5629
LEGAL SERVICES (856) 451-6003

SOMERSET COUNTY:
Deputy Clerk, Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL (908) 685-2323
LEGAL SERVICES (908) 231-0340

SUSSEX COUNTY:
Deputy Clerk, Superior Court
Sussex County, Judicial Center
43-47 High St.
Newton, NJ 07860
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 383-7400

UNION COUNTY:
Deputy Clerk, Superior Court
1st Fl., Court House
2 Broad St.
Elizabeth, NJ 07207-6073
LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

WARREN COUNTY:
Deputy Clerk, Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER REFERRAL (973) 267-5882
LEAGL SERVICES (973) 475-2010

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY        NJ 08060

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 518-2815
COURT HOURS

DATE:   JANUARY 30, 2009
RE:     REEVES VS NEW JERSEY STATE POLICE
DOCKET: BUR L -000326 09

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON MARC M. BALDWIN

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (609) 518-2815.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATE  OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: MARK J. MOLZ
MARK J. MOLZ
PO BOX 577
1400 ROUTE 38 EAST
HAINESPORT      NJ 08036

JUCROBI

CIVIL CASE INFORMATION STATEMENT
(CIS)

Use for initial Law Division - Civil Part Pleadings (not motions) under Rule 4:5-1

Pleading will be rejected for filing, Under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

DEPUTY CLERK
SUPERIOR COURT
BURLINGTON COUNTY

2009 JAN 29  P 2: 50

FILED & RECEIVED

FOR USE BY CLERK'S OFFICE ONLY
Payment Type: CK  CG  CA
CHG/CK No. _____
Amount: _____
Overpayment: _____
Batch No: _____

| | |
|---|---|
| ATTORNEY NAME:<br>Mark J. Molz, Esquire | TELEPHONE NUMBER:<br>(609) 267-8884 | COUNTY OF VENUE:<br>Burlington |

FIRM NAME: Law Office of Mark J. Molz

DOCKET NUMBER: L-326-09

OFFICE ADDRESS:
1400 Route 38 East
P.O. Box 577
Hainesport, New Jersey 08036

DOCUMENT TYPE:
Complaint with Jury Demand and Discovery Requests
JURY DEMAND: [ X ] Yes  [ ] No

NAME OF PARTY (e.g. John Doe, Plaintiff):
Robert R. Reeves, Jr.

CAPTION:

v.

New Jersey State Police; Trooper Joseph Mahoney and/or John Does 1-10 individually jointly and severally

CASE TYPE NUMBER:

005

IS THIS A PROFESSIONAL MALPRACTICE CASE  [ ] YES [ X ] NO
IF YOU HAVE CHECKS "YES", SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING.
[ ] YES [ X ] NO

IF YES, LIST DOCKET NUMBERS:

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of the same transaction or occurrence?)  [ X ] YES [ ] NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, if known

None [ ] : Unknown [ X ]

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A.  Do Parties Have a Current, Past or Recurrent Relationship?
Yes [ x ]   No [ ]

If Yes, is that Relationship-
[ x ] Employer-Employee
[ ] Familial
[ ] Friend/Neighbor  [ ] Other (explain)
[ ] Business

B.  Does the Statute Governing this Case Provide for Payment of Fees by the Losing Party?
[ ] Yes   [ ] No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION.

DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?
[ ] Yes [ X ] No   If yes, please identify the requested accommodation:

WILL AN INTERPRETER BE NEEDED?
[ ] Yes [ x ] No   If yes, For what language:

ATTORNEY SIGNATURE

January 16, 2009

MARK J. MOLZ, ESQUIRE
1400 Route 38 East
Hainesport, New Jersey 08036
(609) 267-8884
Attorneys for Plaintiff

| | |
|---|---|
| ROBERT R. REEVES | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| | : BURLINGTON COUNTY |
| Plaintiffs, | : DOCKET NO. _L-326-09_ |
| | : |
| vs. | : |
| NEW JERSEY STATE POLICE; | :     CIVIL ACTION |
| TROOPER JOSEPH MAHONEY; | : |
| and/or John Does 1-10 | : COMPLAINT WITH JURY DEMAND |
| | : AND DISCOVERY REQUESTS |
| Defendants | : |

Robert R. Reeves, Jr. residing at 7 Oak Lane, Township of Woodland, County of

Burlington, State of New Jersey 08019 by way of Complaint states:

1. At all relevant times, the New Jersey State Police was a division of the State of

   New Jersey with principal barracks/place of business located at River Road,

   West Trenton, New Jersey 08625.

2. The Defendant Trooper Joseph Mahoney, Badge No. 6141 is an adult individual

   residing in the State of New Jersey whose principal place of business is River

   Road, West Trenton, New Jersey 08625.

3. On or about July 2, 2007 Plaintiff Robert R. Reeves, Jr. was operating a motor

   vehicle in Woodland Township.

4. The Defendant Trooper Mahoney was part of a tactical unit with an emphasis on

   making arrests for the purpose of prosecuting drunk drivers.

5.  Trooper Mahoney created a police report and later testified at the time of Trial that he had followed Mr. Reeves' vehicle for at least one-half mile, which assertion was false.

6.  Trooper Mahoney testified in the Woodland Township Municipal Court on or about June 17, 2008 and gave false testimony.

7.  Mr. Reeves was sentenced on June 17, 2008 and received 180 straight time and a ten-year loss of license.

8.  Robert R. Reeves, Jr. perfected a Municipal Appeal which was heard by the Honorable Harold B. Wells on October 2, 2008. Judge Wells considered the evidence and the testimony of Trooper Mahoney and determined that Trooper Mahoney's testimony could not have been true. The Court stated:

> "The bottom line of my answer to that question is that he did not have such a basis. I ground that especially on the picture D-4. The officer's testimony was unequivocal and he put it in his report that he started his observation of the Defendant at mile post 4 and concluded it a half mile later at mile post 4.5. Now, of course, there is no mile post 4.5 in the road, but the clear inference is, and the officer was perfectly candid about this, he followed the Defendant for half a mile. But D-4 clearly shows that Mr. Reeves turn onto Cedar Lane was substantially—substantially less than half a mile. The officer simply could not have viewed Mr. Reeves driving conduct for 2600 feet or anything close to it."

9.  In violation of 42 USC Section 1983, Defendant Mahoney individually and as agent for the New Jersey State Police, deprived the Plaintiff Robert J. Reeves, Jr. of life, liberty and the pursuit of happiness through his false police report and false testimony under oath.

10. There has been no appeal of Judge Wells' decision and it stands as *res judicata* in connection with the credibility determination of Trooper Mahoney.

11. As a direct and proximate result of the civil rights violations, intentional acts or omissions and wrongful behavior of the Defendants Joseph Mahoney and the New Jersey State Police, Plaintiff Robert R. Reeves suffered damage, emotional distress, loss of income, loss of liberty for 106 days in the Burlington County Jail and other damages.

Wherefore Plaintiff demands judgment against the Defendants Joseph Mahoney and the New Jersey State Police for punitive damages, compensatory damage, attorney's fees, interest and cost of suit.

MARK J. MOLZ, ESQUIRE
ATTORNEY for Plaintiff(s)

Dated:        January 28, 2009        By: _____
                                          Mark J. Molz, Esquire

**JURY DEMAND**

Pursuant to R. 1:8-1(b) and R. 4:35-1 of the New Jersey Court Rules, Plaintiff(s) hereby demand a trial by Jury for all issues so triable.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:5-1(c) and R. 4:25-4 of the New Jersey Court Rules, *Mark J. Molz, Esquire* is hereby designated as Trial Counsel for Plaintiff(s) in connection with this litigation.

**CERTIFICATION OF OTHER ACTIONS AND PARTIES**

Pursuant to R. 4:5-1(b) of the New Jersey Court Rules, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated. The undersigned does not know of the names of any other parties who should be joined in the action or who are subject to joinder.

However, to the extent Plaintiffs intend to pursue tort claims in connection with these defendants, a Tort Claims Notice will be filed and the Complaint will be amended or supplemented and/or a new Complaint will be filed.

3

## DEMAND FOR DISCOVERY

Pursuant to R. 4:10 of the New Jersey Court Rules, Plaintiff hereby demands that answering defendant respond to the Notice of Deposition, Request for Production of Documents and Interrogatories that follow.

MARK J. MOLZ, ESQUIRE
ATTORNEY for Plaintiff(s)

Dated:          January 28, 2009          By: _____

Mark J. Molz, Esquire

## NOTICE OF DEPOSITION
## OF ANSWERING DEFENDANT

Pursuant to R. 4:14 of the New Jersey Court Rules, Plaintiff(s) hereby demand that the answering party (or, if answering party is a non-individual entity, answering party's designated representative most knowledgeable of the circumstances described in the pleadings) appear at the Law Offices of Mark J. Molz, 1400 Route 38 East, Hainesport, New Jersey at 10:00 a.m. on the 35th day following service of this Summons and Complaint, at which time said deponent(s) shall give testimony by Deposition upon oral examination before a person authorized by the laws of the State of New Jersey to administer oaths, and shall produce originals (or true copies if originals unavailable) of all documents and things requested in the attached Request for Production of Documents, and shall provide full and complete answers to all Interrogatories propounded herein. Answering party is required to contact the Law Offices of Mark J. Molz at (609) 267-8884 prior to the date of deposition to confirm appearance. Failure to appear for Deposition in accordance with this Demand will subject answering party to penalties and sanctions as allowed by the New Jersey Court Rules. Failure to produce all requested documents and things, or failure to give complete answers to Interrogatories, at or before the Deposition will result in the Deposition being taken again after such responses are provided.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to R. 4:18 of the New Jersey Court Rules, Plaintiff(s) hereby request and demand that answering party produce at the Law Offices of Mark J. Molz, 1400 Route 38 East, Box 577, Hainesport, NJ 08036 the following documents and things in the time and manner provided by New Jersey Court Rules and the Discovery Instructions and Definitions set forth below.

1.     True copies of all documents, materials, reports, photographs, drawings, videotapes, audio tapes, graphs, charts, statements, things affecting credibility, reproductions, surveillance, recordings, publications, learned treatises, authorities, exhibits or any other writing, object or thing that answering party will rely upon, present, offer or utilize at the time of Trial during direct examination, cross-examination or any other part of the Trial.

2.     True copies of all statements, admissions or testimony, whether written, oral, tape recorded, transcribed, video taped, digitalized, transcribed, or memorialized on any other medium, made by: (a) any party to this lawsuit; (b) any agent, representative, employee or assign of any party to this lawsuit; (c) any witness named in this lawsuit; or (d) any person with knowledge of facts pertaining to the subject matter of this lawsuit.

3.     True copies of the following materials from your expert witnesses, forensic examiners, investigators and independent medical examiners (each referred to herein as "said expert"):

a.     All reports rendered in this case by said expert.

b.     Updated curriculum vitae of said expert.

c.     All documents, statements, physical evidence and other things relied upon by said expert in forming an opinion.

d.     All documents, things, statements, correspondence (including letters from counsel or litigant), pleadings and other materials provided to said expert in this case whether or not same impacted on final opinion.

e.     All learned treatises, reports, statutes, codes, ordinances, rules, regulations or other published documents or authorities relied upon in forming an opinion or to be used at Trial by said expert.

f.     All blueprints, charts, diagrams, drawings, graphs, maps, plates, plans, photographs, models, video or audio recordings or other visual or audio reproductions of any object, place or thing relied upon in forming an opinion or to be used at Trial by said expert.

6

g.    All correspondence, bills or other materials sent by said expert to any attorney, insurer or litigant in this case.

h.    Said expert's entire file in this case. This request includes but is not limited to all prior or rough drafts of said expert's reports and all documents marked up or written on by said expert.

i.    All reports, deposition transcripts and publications of said expert in other matters.

4.    True copies of all information, writings, documents, things, etc. obtained in response to all subpoenas or authorizations served in this case or obtained pursuant to N.J.S.A. 2A:82-41, et seq.

5.    True and complete copies of all insurance agreements or policies (plus all related papers, addenda, declaration pages and notices of cancellation) under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse payments made to satisfy the judgment. Your response must also include all secondary, tertiary and umbrella policies.

6.    True copies of all discovery requests or responses received from or sent to any other party to this action, including but not limited to Interrogatories, Answers to Interrogatories, Requests for Production of Documents or Demand for Documents, Responses to Requests for Production of Documents or Demand for Documents, Requests for Admissions, Responses to Requests for Admissions and Notices of Deposition.

7.    True copies of all reports, notes, test results, memoranda, correspondence or other writings or things created, produced or uncovered in the course of any investigation, inspection, analysis or examination of or related to any fact(s), incident(s) or transaction(s) in question, whether undertaken by answering party or by another entity, private or public.

8.    True copies of the entire file of, concerning and/or in respect to this incident or any party herein maintained by the answering party at any time, including but not limited to notes, diary entries or other writings.

9.    True copies of all photographs, drawings, videotapes, audio tapes, graphs, charts or other reproductions, recordings or physical objects relating to this matter, including but not limited to photographs or recordings of the scene, property or injury in question.

10.    True copies of all documents or things mentioning, concerning, relating to, describing or identifying: (a) Plaintiff(s), (b) any dealings of or with Plaintiff(s), (c) any

alleged incident that is the subject of this lawsuit, or (d) any property, real or personal, tangible or intangible, which is the subject of this lawsuit.

11.     True copies of all video recordings, sound recordings, digital recordings or surveillance, or other recordings on any medium, of plaintiff(s) taken at any time. This request includes but is not limited to all information or writings as defined by the New Jersey Rules of Evidence (including but not limited to photographs, moving pictures, audio recordings, digital recordings and video tapes) relating to the surveillance of Plaintiff(s). This request also includes true copies of all surveillance or other video, audio, digital or other recordings of Plaintiff(s) taken by any person or entity on behalf of any party to this lawsuit, on behalf of any insurance company or attorney, or on behalf of anyone else at any time.

12.     True copies of all documents, pleadings, correspondence and other writings related to any other lawsuits, administrative proceedings, criminal proceedings, or other court proceedings in which defendant was a party.

13.     True copies of everything in the file that answering party's insurance carrier or insurance adjuster maintains on this matter, other than documents consisting merely of communications between attorney and client or between attorney and co-counsel.

14.     True copies of all personnel files, criminal records and driving abstracts of any individual parties named herein.

15.     True copies of all summons, complaints, violations, citations, orders, judgments, or other court or police documents, transcripts or tapes generated, copied or produced in connection with or in relation to any incident that is the subject of this lawsuit.

16.     True copies of all incident reports, accident reports, safety reports, safety evaluations, safety studies concerning answering defendant or the property in question.

17.     True copies of all contracts, agreements or addenda thereto related to any fact or allegation at issue in this lawsuit.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17 of the New Jersey Court Rules, Plaintiff(s) hereby demand that answering party serve at the office of MARK J. MOLZ, ESQUIRE, 1400 Route 38 East, P.O. Box 577, Hainesport, New Jersey 08036 certified answers to the following interrogatories in the time and manner provided by New Jersey Court Rules and the Discovery Instructions and Definitions set forth below.

1.　　Set forth completely and in detail all claims and/or defenses that you have against Plaintiffs' claims in this lawsuit or that you will otherwise assert at Trial.

2.　　Set forth completely and in detail all facts that support any of your claims or defenses in this lawsuit or that you will otherwise introduce at Trial.

3.　　State the name, address and phone number of each person or witness having knowledge relating to this case or whom you will otherwise call at Trial. For each person listed: provide a summary of expected testimony and knowledge relating to this case.

4.　　List each document, writing, recording, photograph, material, object, or thing relating to this case or that you will otherwise utilize as an Exhibit at Trial. For each item listed: attach a true and complete copy; if not in your possession or control, indicate the location and custodian.

5.　　Explain in detail every reason why Plaintiff(s) are not entitled to recover from you all damages claimed in this lawsuit.

6.　　Describe in detail your relationship and past history, if any, with each party and witness in this lawsuit.

7.　　Describe in detail each investigation you, your agent or any other public or private entity conducted into any fact, person, item or circumstance at issue in this lawsuit. For each investigation: state name and address of entity conducting the investigation, description of the investigation and results of the investigation. Attach true copies of all reports, notes and other writings or materials involved or created in the investigation.

8.     If you have information on the true identity of any John Doe indicated in Plaintiff's Complaint, or if you claim that another entity is partly or fully responsible for all or part of Plaintiff's damages, set forth the name and address of such person or entity along with a brief description of their possible involvement in this matter.

9.     Describe in detail all contracts and agreements (oral, written or implied) between you and any other party or witness in this action. Attach true copies of all written contracts.

10.    Describe in detail all other lawsuits or legal proceedings to which you are or have ever been a party.

11.    Describe in detail all instances in which you, your organization or any member of your organization was or is being investigated, cited, reprimanded or otherwise punished by a public agency or entity for any reason.

12.    Specify exact citation, title, author and publisher of all medical, scientific or legal texts or treatises or other authoritative publications that you may mention, cite, utilize or rely on at Trial as direct or indirect evidence, in direct or cross examination. Attach a true copy of relevant portions.

13.    State your name, addresses, social security number and date of birth. If answering on behalf of a company, partnership or corporation, state the full legal name of the entity and your position within the company.

14. Describe in detail your version of the incident(s), event(s), transaction(s) or occurrence(s) referred to in the Complaint, Answer, Cross-claim, Counterclaim or other pleading in this lawsuit. Include specific dates, names and locations in your answer.

15. Describe in as great detail as possible all statements and admissions you claim were made by Plaintiffs at any time relating to the subject matter of this lawsuit. Include in your answer the date, location and context of each statement or admission.

16. If you contend that any of Plaintiffs' damages were caused or contributed to by the act or omission of any person or entity beside yourself, set forth all facts upon which you base that contention. Include names and addresses of all responsible persons or entities.

17. For each of your proposed expert witnesses, set forth: (a) name and address; (b) qualifications, experience and training, attaching updated resume or curriculum vitae; (c) laws, rules, authorities and learned treatises expert is relying on; (d) subject matter and substance of expert's opinion and testimony at Trial, including grounds and assumptions for each opinion, and (e) COMPLETE RECITATION OF ANY AND ALL OPINIONS HELD OR OTHERWISE TO BE ASSERTED AT TRIAL BY ANY OF YOUR PURPORTED EXPERT WITNESSES, AND ENTIRE BASES, REASONS AND SUPPORT FOR ANY AND ALL OF THOSE OPINIONS. (See, e.g., Skibinski v. Smith, 206 N.J.Super. 349, 354 (App.Div.1985), and related lines of cases).

18. Set forth specifically each law, code, rules, regulation, ordinance, case, court opinion, statute or other legal authority supporting any of your claims, defenses or positions in this lawsuit. Include exact citations, titles and sections.

19. State whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse of payments made to satisfy the judgment.

YES ( ) or NO ( ).

11

If the answer is yes, attach a copy of each insurance agreement or policy along with declarations pages, and state the name of the carrier, policy number, liability limits and whether the carrier is disputing coverage.

20.   State whether you have ever been convicted of a crime.
      Yes ( )  No ( )
      If the answer is "yes", state the crime, the court of adjudication and the date of conviction. Attach all pleadings, orders, transcripts and other documents relating to the criminal proceeding.

21.   If you claim any injuries or damages, personal, financial, or otherwise, state: the type, nature, extent and amount of each such injury or damage and the exact amount of costs and expense to you or someone on your behalf of each such injury or damage; and include an itemized list and copies of all bills, checks, reports, receipts related thereto and any other document(s) relating to the cost or expense of such injuries and/or damages.

22.   For each numbered allegation in your Complaint/Answer/Counterclaim: (a) set forth in detail the complete factual basis upon which the allegation is based (for each fact you mention, indicate the time, date, place, context, circumstances and entirety of scenario), (b) indicate and produce each document, material, thing and/or demonstrative evidence you claim supports that allegation, (c) provide the names and addresses of all witnesses you claim have knowledge to support that allegation (for each witness: state in detail what facts he or she knows that supports that allegation). Please provide a separate answer for each paragraph in your pleading. Please be aware that you will be bound at trial by your answer to this question.

23.   Set forth all conversations between Plaintiff(s) and Defendant(s). For each conversation: state the words used by each party to the conversation in as much detail and as accurately as possible. For each conversation state the time, date, place and context, and set forth the names and addresses of all witnesses to the conversation. Please be aware that you will be bound at trial by your answer to this question.

12

## CERTIFICATION OF ANSWERING PARTY

I hereby certify that the foregoing answers to interrogatories made by me are true and complete. I am aware that if any of the foregoing answers made by me are willfully false, I am subject to punishment. I further certify that the copies of the reports annexed hereto, if any, provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such becomes later known or available, I shall serve them promptly on the propounding party. I further certify that I have provided true and complete copies of all requested documents, things and information in my possession or control or otherwise available to me through reasonable efforts. I understand and agree that any information, witnesses or documents that I fail to timely disclose to the propounding party through my responses to these discovery requests will be barred at the time of Trial.

Date: _____          _____

13

## DISCOVERY INSTRUCTIONS AND DEFINITIONS

The following instructions and definitions apply to the discovery requests made by Plaintiff(s) in this case. You must follow these instructions and definitions when responding to discovery requests propounded herein, or discovery requests propounded later in this case:

1.      If you object to any part of a question or request, answer that part of the question or request to which the objection does not apply.

2.      If a document, thing, or answer is being withheld due to an objection, set forth the objection and the grounds for the objection in detail and describe and identify the item, thing or information being withheld. Otherwise the objection will be deemed waived.

3.      If you assert a privilege in response to any discovery request, you must provide a detailed explanation of the grounds for your claim of privilege, and you must supply a detailed privilege log for each item being withheld. Otherwise, the privilege will be deemed waived.

4.      If you object on the grounds that the request is unduly burdensome, or on similar grounds, explain in detail the nature of the burden and the place and system in which the requested information is being held. Indicate whether an inspection will be voluntarily permitted.

5.      You have a continuing duty to supply responses to these discovery requests. If, after you supply responses to these discovery requests, any information, document or thing not previously produced by you is remembered, discovered, or becomes available or obtainable, you must promptly provide it and amend your responses accordingly.

6.      You must make a diligent, reasonable, good faith effort to locate, gather and disclose all information, documents and things responsive to any of these discovery requests. Court Rules require you to disclose all responsive information, documents and things in your possession or control, or in your agent, attorney or insurer's possession or control, or which you can obtain through reasonable efforts and inquiry. If you are aware of the existence of any document or thing that you nonetheless cannot obtain through reasonable efforts, you must disclose in your responses all information regarding the whereabouts and availability of such document or thing.

7.      If you have no documents or things responsive to a certain discovery request, you must provide a certification or affidavit of one with personal knowledge stating that no such document or thing exists.

8.      If a document or thing responsive to a certain discovery request no longer exists, but existed at one time in the past, you must indicate this and explain to the best of you knowledge why that document or thing no longer exists.

14

9.    If any document or thing requested herein is in the sole possession or control of answering party's insurance carrier or other entity providing insurance or indemnification in this matter, you still must produce the requested document or thing, or state the reason why it is not being produced.

10.    Failure to provide timely, complete and responsive answers to all discovery requests will subject you to sanctions pursuant to R. 4:23 of the New Jersey Court Rules.

11.    All answers and responses that you provide to these discovery requests will be deemed final and complete answers and responses, and it will be assumed that no other responsive information, documents or things exist, unless you timely and properly amend or supplement your answers and responses in strict accordance with New Jersey Court Rules. Please take notice that you will be barred from introducing at Trial, Arbitration or other legal proceeding any testimony, exhibit, evidence or theory of defense not previously disclosed to Plaintiff in your responses to these discovery requests or by timely and proper amendment to your responses made in strict accordance with New Jersey Court Rules.

12.    The following definitions apply to these discovery requests:

a.    "Documents" as requested herein refers to all drafts of any written, recorded or graphic matter however produced or reproduced, including without limitation all papers, books, records, checks, invoices, physical or computer-generated files (on diskette, CD-ROM, hard-drive, or otherwise), E-mail, facsimiles, microfilm, microfiche, memoranda, letters, correspondence, contracts, photographs, video, audio or tape recordings, mechanical recordings or similar recordings and any log and/or transcript thereof, and any other materials of a similar nature.

b.    "Identify" or "identification" when used in reference to any individual person means to state his full name, residence address and his present last known business affiliation. "Identify" or "identification" when used in reference to a document means to state the type of document (e.g. letter, memoranda, telegram, chart, tape recordings, etc.), or some other means of identifying it, and its present location or custodian. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.

c.    "Person" refers to any person, persons, entity, or entities including but not limited to an individual, group, partnership, company, proprietorship, corporation, government, government department, public entity or subdivision thereof or joint actors.

d.    "Party" refers to a named party in this lawsuit.

e.    "You" "Your" "Answering Party" "Responding Party" each refers to the litigant(s) or party(ies) to whom the discovery requests are addressed and any and all agents, employees, attorneys, insurers or assigns thereof.

f.    "Requesting Party" refers to party propounding the discovery request.

g.    "Incident in question" or "Property in question" refers to the incident or property which is the subject of this lawsuit.

h.    If Plaintiff is an executor, administrator or guardian, the term "Plaintiff" then refers to the minor, incompetent or decedent at issue, or to the

15

**EXHIBIT C**

| CIVIL CASE INFORMATION STATEMENT (CIS) | PAYMENT TYPE: CK CG CA |
|---|---|
| | CHG/CK NO. |
| Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1. | AMOUNT:. |
| **Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.** | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Christina M. Glogoff, Deputy Attorney General | (609) 292-8550 | Burlington |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| State of New Jersey, Department of Law & Public Safety - Division of Law | BUR-L-326-09 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| Division of Law | Answer, Affirmative Defenses, and Jury Demand |
| Richard J. Hughes Justice Complex | |
| P.O. Box 112 | JURY DEMAND |
| Trenton, NJ 08625 | [X] YES  [ ] NO |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| Trooper Joseph Mahoney | Robert R. Reeves v. New Jersey State Police, Trooper Joseph Mahoney, and/or John Does 1-10 |

| CASE TYPE NUMBER : 005 (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   [ ] YES   [X] NO |
|---|---|
| | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?· [ ] YES  [X] NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   [ ] YES  [x] NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
|---|---|
| | [X] NONE  [ ] UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   [ ] YES [X] NO | IF YES, IS THAT RELATIONSHIP | [ ] EMPLOYER-EMPLOYEE  [ ] FRIEND/NEIGHBOR  [ ] OTHER (explain) _____ |
|---|---|---|
| | | [ ] FAMILIAL   [ ] BUSINESS _____ |

| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   [x] YES [ ] NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

N/A

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   [ ] YES  [x] NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____ |
|---|---|

| WILL AN INTERPRETER BE NEEDED?   [ ] YES  [x] NO | IF YES, FOR WHAT LANGUAGE: _____ |
|---|---|

ATTORNEY SIGNATURE:

Revised 3/1/04

**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

---

**CASE TYPES**   (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I -- 150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

### Track II -- 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT - OTHER |

### Track III -- 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV --Active Case Management by individual Judge/450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

### Mass Tort (Track IV)

| | | | | |
|---|---|---|---|---|
| 240 | DIET DRUG | | 264 | PPA |
| 246. | REZULIN | | 601 | ASBESTOS |
| 247 | PROPULSID | | 619 | VIOXX |
| 248 | CIBA GEIGY | | | |

999    OTHER (Briefly describe nature of action) _____

_____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1 in the space under "Case Characteristics."**

Please check off each applicable category:

| ☐ | Verbal Threshold | ☐ | Putative Class Action | ☐ | Title 59 |
|---|---|---|---|---|---|

ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625
Attorney for Defendant
 Trooper Joseph Mahoney

By:  Christina Glogoff
     Deputy Attorney General
     (609) 633-3985

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION - BURLINGTON COUNTY |
| | DOCKET NO. BUR-L-326-09 |

ROBERT R. REEVES,                    :

                Plaintiff,           :          Civil Action

                                     :      ANSWER, AFFIRMATIVE DEFENSES,
     v.                              :          AND JURY DEMAND

NEW   JERSEY   STATE   POLICE;  :
TROOPER JOSEPH MAHONEY; and/or
JOHN DOES 1-10                       :

                Defendants.          :

        Defendant, Trooper Joseph Mahoney, hereinafter referred to as

the "Answering Defendant", by way and through the undersigned

counsel, hereby responds to the allegations set forth in

plaintiff's Complaint and by way of Answer to said Complaint state:

1.   Answering Defendant admits that the New Jersey State Police is

a government entity organized under the laws of the State of New

Jersey and is headquartered at River Road, West Trenton, New

Jersey.

2.   Answering Defendant admits that he is a Trooper with the New

Jersey State Police, whose headquarters are located at River Road,

West Trenton, New Jersey, and is assigned badge number 6141.

3. This paragraph fails to allege any facts and/or claims directed at Answering Defendant, therefore no response is required.

4. Answering Defendant admits that at one point in his employment with the New Jersey State Police, he was assigned to the Tactical Patrol Unit; and stopping and arresting drunk drivers were among part of his patrol duties.

5. Answering Defendant admits that he prepared a police report. Answering Defendant denies the remaining allegations of this paragraph of plaintiff's Complaint.

6. Answering Defendant denies the allegations of this paragraph of plaintiff's Complaint.

7. This paragraph fails to allege any facts and/or claims directed at Answering Defendant, therefore no response is required. Additionally, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of plaintiff's Complaint, and plaintiff is left to his proofs.

8. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of plaintiff's Complaint, and plaintiff is left to his proofs.

9. Answering Defendant denies the allegations of this paragraph of plaintiff's Complaint.

10. Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph of plaintiff's Complaint, and plaintiff is left to his proofs.

11. Answering Defendant denies the allegations of this paragraph of plaintiff's Complaint.

WHEREFORE, the Answering Defendant denies that plaintiff is entitled to the relief he seeks and demands judgement dismissing the plaintiff's Complaint with prejudice, plus costs.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

At all times relevant hereto, Answering Defendant acted in good faith and without fraud or malice.

**SECOND AFFIRMATIVE DEFENSE**

Answering defendant has not deprived plaintiff of any right, privilege or immunity secured to him by the New Jersey or United States Constitutions or any Act of Congress or the Legislature of New Jersey.

**THIRD AFFIRMATIVE DEFENSE**

Answering Defendant has not deprived plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the State of New Jersey.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Answering Defendant upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from suit.

### SIXTH AFFIRMATIVE DEFENSE

The theory of Respondeat Superior cannot be utilized in § 1983 actions.

### SEVENTH AFFIRMATIVE DEFENSE

This suit is barred by the Eleventh Amendment.

### EIGHTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrines of <u>res judicata</u> and/or collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the plaintiff's own actions and/or inactions.

### ELEVENTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over the subject matter of this action.

### TWELFTH AFFIRMATIVE DEFENSE

Damages, if any sustained by the plaintiff, were the result of the actions of persons and/or entities over whom the Answering Defendant had no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to interpose each and

every such other separate defense that continuing investigation and discovery may indicate.

### FOURTEENTH AFFIRMATIVE DEFENSE

The State is not a person capable of being sued with in the meaning of 42 U.S.C. §1983.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant did not violate any duty to plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Insofar as claims asserted against the Answering Defendant allege tortious acts, they are governed by and subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. Failure to file a notice of claim pursuant to N.J.S.A. 59:8-8 precludes plaintiff from asserting those claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant is not liable for acts taken in good faith in the enforcement of any law pursuant to N.J.S.A. 59:3-3.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendant is not liable for injuries resulting from discretionary activities pursuant to N.J.S.A. 59:2-3.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant is not liable for the adoption of or failure to adopt any law or by the failure to enforce any law pursuant to the provisions of N.J.S.A. 59:3-5.

### TWENTIETH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering

Defendant is subject to reduction by the limitations of proportionate liability set forth in <u>N.J.S.A.</u> 59:9-3.1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendant is subject to reduction by the comparative negligence provisions set forth in <u>N.J.S.A.</u> 59:9-4.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any recovery to which plaintiff may be entitled against Answering Defendant is subject to the limitations and reductions on damages set forth in <u>N.J.S.A.</u> 59:9-2.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant is subject to the immunities and the defenses provided by <u>N.J.S.A.</u> 59:2-1.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any actions taken by Answering Defendant was in the nature of discretionary activity within the meaning of <u>N.J.S.A.</u> 59:3-2, and accordingly, no liability may be imposed upon defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Recovery may be barred in this action by reason of a prior judgment or settlement arising out of the same transaction as set forth in <u>N.J.S.A.</u> 59:9-6.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendant herein is an official of an agency of the State of New Jersey and at all times relevant was performing acts within the scope of his official duties in good faith, without

fraud or malice, in the exercise of discretionary authority pursuant to state law, and is immune from any liability sought to be imposed upon defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from civil liability for any damages the plaintiff may seek pursuant to N.J.S.A. 30:4-16.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed under the theory of exclusivity of remedies.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The action is so lacking in fact-based merit as to warrant dismissal with prejudice.

### THIRTIETH AFFIRMATIVE DEFENSE

The complaint and the proceedings resulting therefrom and any recovery resulting therefrom are barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This suit is barred by laches.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed since Answering Defendant committed no violation of public policy.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has not named a party capable of being sued under N.J.S.A. 10:6-1 et seq.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim pursuant to N.J.S.A. 10:6-1 et seq.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's failure to identify any specific violation of a statute, regulation, or clear expression of public policy that was violated in this matter requires that his action pursuant to N.J.S.A. 34:19-2 et seq. be dismissed.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot make out a prima facie case interference with prospective economic advantage because no facts exist to support such a claim.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Eleventh Amendment bars a claim for punitive damages against the Division of State Police and the Answering Defendant acting in his official capacity.

## JURY DEMAND

Answering Defendant demands a jury trial for all issues of fact.

## RESERVATION OF RIGHTS

Answering Defendant reserves the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted and/or he is entitled to judgment as a matter of law, based on any or all the above defenses.

### DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, Answering Defendant demands that within five (5) days of this pleading being served, plaintiff provide a written statement of the amount of damages he is claiming against defendant on each count.

### CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

I hereby certify in accordance with R. 4:5-1 that, to the best of my knowledge, I am unaware of any other cases or parties which should be joined with this matter.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, the Court is hereby advised that Christina M. Glogoff, Deputy Attorney General, is hereby designated as trial counsel.

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants

By: _Christina M. Glogoff_
Christina M. Glogoff
Deputy Attorney General

Dated: 5/28/09

**CERTIFICATION**

I certify that I caused the original and two (2) copies of this Answer to be filed with the Clerk of the Superior Court, Burlington County, and caused a copy of this Answer to be served by overnight mail upon Plaintiff's attorney:

Mark J. Molz, Esq.
1400 Route 38 East
Hainesport, New Jersey 08036

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants

By: _____
Christina M. Glogoff
Deputy Attorney General

Dated: 5/28/09